UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

Premium Merchant Funding 18, LLC, and
Premium Merchant Funding 26, LLC,

              Plaintiffs,

  -against-                                24 civ 1199 (CM)

Scott Crandall Honan, Honan Property
Management, LLC, Honan Preferred
Equity, LLC, Richmond Honan Development
& Acquisitions LLC, OVRH26 SPE, LLC,
Forsyth Physicians Center MOB1, LLC,
Forsyth Physicians Center SPE 1, LLC,
FPC MOB1 Tenant Partners, LLC
Resugens Forsyth Medical Center, LLC
Glenridge Lifehope SPE LLC, Glenridge
Lifehope JV, LLC, Glenridge Lifehope Mezz
SPE, LLC, Glenridge Lifehope HPE, LLC,
Highpoint Lifehope SPE, LLC, Regional One
RH MOB 1 SPE, LLC,

              Defendants.

----------------------------------------------------------------x

## DECISION AND ORDER GRANTING MOTIONS TO DISMISS AND SUA SPONTE DISMISSING THIS ACTION FOR WANT OF FEDERAL JURISDICTION

McMahon, J.:

    Plaintiffs are what are known as "hard money lenders." Like factors of old, they purchase receivables in exchange for an immediate advance of a discounted sum. This arrangement provides financing, generally to small businesses. Advances are paid off over time through daily payments in specified amounts, until such time as the full amount of the receivables purchased is recovered by the lender. Of course, the amount of receivables purchased is greater (sometimes much greater) than the amount of the advance received; the difference is effectively the interest on the loan – though hard money lenders do not like it when a court calls a spade a spade.

    Each Plaintiff alleges that, in March and again in May of 2022, it purchased receivables from a merchant identified in a corresponding Merchant Agreement as "Honan Property Management, LLC, and other entities in Multi-Entity Addendum" that was attached to the Merchant Agreement. (The two Merchant Agreements are Exhibits A and B to the Complaint,

respectively). The "Multi-Entities" that are rendered subject to the Merchant Agreement by virtue of the Multi-Entity Addendum, include some, but not all, of the remaining named Defendants in this case.[1] In the Multi-Entity Addendum, Scott Honan is identified as the "owner and operator" of every one of the listed Multi-Entities, and the complaint alleges that Honan had at least "an interest," and in some cases a controlling ownership interest, in the various named Defendants. The advance was against the revenues of all the enterprises listed in the Multi-Entity Addendum, as well as any subsequently-formed Scott Honan businesses. Honan is alleged to have signed the Merchant Agreements on behalf of the entities as Owner and Guarantor thereunder.

The complaint alleges that the loans were made in reliance on certain representations made by "Defendants" between February and April 2022; that these representations turned out to be false; that these false representations frustrated Plaintiffs' underwriting of the loans; that the loans are in default (*see* Dkt. #2, ¶ 6); and that the fraud employed to induce Plaintiffs to make the loans was revealed when another hard money lender, NewCo Capital, sued Honan and some of his entities in Nassau County Supreme Court in July 2022. However, Plaintiffs do not sue for breach of contract to recover the monies due them under the Merchant Agreements. Instead, they bring claims in fraud, fraudulent inducement and unjust enrichment. The only breach of contract claim they assert is a claim for breaching the contractual duty to disclose the existence of other entities that should have been incorporated into the Multi-Entity Addendum, as well as the fact that Honan was not the 100% owner and operator of those businesses. And predictably, they assert a federal civil Racketeer Influences and Corrupt Organizations Act (RICO) claim against all Defendants, alleging that they operated together as an "enterprise" in violation of RICO, 18 U.S.C. § 1961 *et seq*.

Certain of Defendants – FPC MOB I Tenant Partners, LLC, Forsyth Physicians Center MOB I, LLC, Forsyth Physicians Center SPE I, LLC, Resurgens Forsyth Medical Center, LLC, and OVRH26 SPE, LLC – have moved to dismiss the complaint as against them. The motions have not been opposed and the time to respond to them has long since expired.

Because the motions are meritorious, they are granted, for the reasons set forth below.

The only federal cause of action in the complaint are claims for violation of RICO pursuant to 18 U.S.C. § 1962(c), which is in the Sixth Cause of Action. In conclusory terms, Plaintiffs assert that Defendants operated as a racketeering enterprise, by providing Plaintiffs with false and incomplete information, and by moving money around among various accounts, during the early months of 2022 – all of which misled Plaintiffs into believing that Defendants were credit-worthy, and advancing them money that they were incapable of repaying. (Dkt. #2) In a subsequently-filed RICO Case Statement (Dkt. # 68), Plaintiffs added a RICO conspiracy claim, in violation of 18 U.S.C. § 1962(d).

---

[1] The named Defendants who are listed in the Multi-Entity Addendum together with Scott Honan and Honan Property Management LLC are: OVRH26 SPE, LLC, GLENRIDGE LIFEHOPE SPE LLC, GLENRIDGE LIFEHOPE JV, LLC, FORSYTH PHYSICIANS CENTER SPE 1, LLC, FORSYTH PHYSICIANS CENTER MOB1, LLC, HIGHPOINT LIFEHOPE SPE, LLC, HONAN PROP, HONAN PREFFERED EQUITY, LLC, and REGIONAL ONE RH MOB 1 SPE, LLC. No entity called "Honan Prop" is named as a defendant in this action. Resurgens Forsyth Medical Center, LLC is not listed in the Multi-Entity Addendum, but that document indicates that subsequently formed enterprises relating to the business activities of Scott Honans are automatically deemed covered by the Merchant Agreement; it is possible that Resurgens Forsyth Medical Center, LLC is one such entity.

In this case, the complaint – even as supplemented by the (wholly inadequate) RICO case statement – fails to state a claim for any violation of RICO or any RICO conspiracy. As a result, the Sixth Cause of Action is dismissed. And because, on the facts alleged, amendment would be futile, it is dismissed with prejudice.

## DISCUSSION

### 1. The Sixth Cause of Action Is Dismissed With Prejudice

The moving Defendants have asserted a number of reasons why the Sixth Cause of Action should be dismissed, most of which would, at this early stage in the lawsuit, lead to dismissal without prejudice and with leave to replead. The most significant of these reasons is that, at the moment, Plaintiffs lack standing to pursue a RICO claim. The injury alleged from the purported frauds and non-disclosures is that Plaintiffs loaned money to a non-creditworthy person who has not repaid the loans. But that injury is the same injury Plaintiffs have suffered because the parties to the Merchant Agreement are in breach of their obligation to repay the amounts due. Plaintiffs have not sued in breach of contract to recover the unpaid amounts. Unless and until they do, their injury is purely hypothetical – their claim to have suffered RICO damages is not ripe.

Before a RICO plaintiff can assert a claim, he must exhaust any state law remedies that might redress his injury. Plaintiffs must pursue state law claims before they can allege the clear and definite damages needed to state a RICO claim. *First Nationwide Bank v. Gelt Funding Corp.*, 27 F. 3d 763, 768 (2d Cir. 1994); *Goldfine v. Sichenzia*, 118 F. Supp. 2d 392, 398 (S.D.N.Y.200), *see also, Harbinger Cap. Partners Master Fund I, Ltd., v. Wachovia Cap. Markets*, LLC 347 F. App'x 711, 713 (2d Cir. 2009). A plaintiff can only pursue RICO claims after it has "exhausted the bargained-for remedies available to it…and then only to the extent of the deficiency." *First Nationwide Bank*, 27 F. 3d at 768. State law remedies must be pursued and exhausted even if collecting on them is a "forlorn hope." *Motorola Credit Corp., v. Uzan*, 322 F. 3d 130, 137 (2d. Cir. 2003).

Here the injury alleged – recovery of the unpaid purchase price – can be redressed with a breach of contract suit. And by that I mean a breach of contract suit alleging failure to pay amounts due under the contract – a claim Plaintiffs quite deliberately omitted from the instant complaint.[2] They are free to bring such a claim wherever Defendants can be sued. Until they have done so, and obtained whatever relief they can using that route, they lack standing to pursue a RICO claim. Plaintiffs must "demonstrate that the orthodox methods of recovery have failed them" before they can allege that acts of racketeering caused them loss. *Goldfine,* 118 F. Supp. 2d at 398 (internal citation omitted). They have not yet pursued the "orthodox methods of recovery" for repayment of a money due and owing but in default. Ergo, the Sixth Cause of Action must be dismissed.

The fact that Plaintiffs purport to assert claims sounding in fraud does not alter that analysis. The remedy for a loan obtained by fraud is no different than the remedy for breach of the

---

[2] Of course, Plaintiffs' "unjust enrichment" claim (Fifth Cause of Action) is, of course, nothing but a mispleaded breach of contract claim.

agreement – out of pocket losses caused by the fraud. Amounts paid on the debt reduce the amount a plaintiff can claim as damages resulting from the fraud. Since a defendant "is not liable for all losses that may occur…only after the lender has exhausted the bargained for remedies available to it can the lender assert that it was damaged by the fraud." *First Nationwide Bank*, 27 F. 3d at 768.

Dismissal for lack of standing on this particular ground would generally be without prejudice, since the time might come when Plaintiffs would be able to assert that they had suffered a RICO injury.

However, this particular complaint is deficient in other ways as well, one of which is both fatal to the RICO claims and not amenable to amendment. Plaintiffs have not pleaded either (1) open-ended continuity, or (2) closed-ended continuity that extends over a significant enough period of time. Therefore, the RICO claims asserted in the Sixth Cause of Action must be dismissed with prejudice and without leave to amend.

Under any prong of Section 1962, a plaintiff must establish a "pattern of racketeering activity." This is otherwise known as demonstrating continuity. *GICC Cap. Corp., v. Tech. Fin. Group, Inc.*, 67 F. 3d 463 465 (2d Cir. 1995). The continuity requirement "refer[] either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with the threat of repetition." *H.J. Inc. v. N.W. Bell Tel. Co.*, 492 U.S. 229, 241 (1989). A plaintiff must allege either an open-ended or a closed ended pattern of racketeering activity.

Here, plaintiffs allege that defendants engaged in predicate acts of mail and wire fraud between February and April 2022. Dkt #2, ¶ 195; Dkt. #68, at 5. That is closed-ended continuity, not open-ended continuity. No facts alleged tending to show that the conduct that occurred during that brief period of two to three months "projects into the future with the threat of repetition." Indeed, the complaint was filed in 2024, and yet no facts are alleged tending to show that the conduct complained of was repeated after the second loan was extended. Therefore, the complaint fails to allege open-ended continuity.

Plaintiffs also fail to plead closed-ended continuity. The Supreme Court has decreed that closed-ended continuity must extend over a substantial period of time. "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy that requirement." *H.J. Inc.*, 492 U.S. at 242. The Second Circuit has never found closed-ended continuity to be satisfied by conduct that extended over just two or perhaps three months; rather, closed-ended continuity can only be satisfied when the conduct complained of extends over a period of years. *See GICC Cap. Corp.*, 67 F.3d at 466-67. Thus, the complaint fails to plead closed-ended continuity.

This particular flaw in the pleading cannot be remedied by amendment. The facts are what they are. The allegedly fraudulent conduct that induced Plaintiffs to conclude that Honan and his businesses were creditworthy occurred in the receding past, over a brief period of 12 or so weeks, and has not recurred. Therefore, neither form of continuity can be successfully alleged. That being so, Plaintiffs cannot successfully allege a *pattern* of racketeering activity as that term is understood in the law. This means that the Section 1962(c) RICO claim as against the moving Defendants are dismissed with prejudice.

And since the same facts anchor the unpleaded but asserted (in the RICO Case Statement) Section 1962(d) RICO conspiracy claim, there is no basis to permit amendment of the pleading to assert such a claim. *First Cap. Asset Mgmt. v. Satinwood, Inc.*, 385 F. 3d 159, 163 (2d Cir. 2004).

Because this unremediable flaw extends to the claims as asserted against all Defendants, the Sixth Cause of Action is *sua sponte* dismissed as against the other Defendants as well.

### 2. The Remainder of the Complaint is Dismissed Without Prejudice for Failure to Allege Diversity Jurisdiction

The Sixth Cause of Action is the only claim in suit that arises under federal law. Its dismissal means that jurisdiction does not lie in this court pursuant to 28 U.S.C. § 1331. And so we turn to diversity jurisdiction under 29 U.S.C. § 1332.

Here the pleading is woefully deficient. Plaintiffs are limited liability companies. A limited liability company or corporation is a citizen of every state of which its members are citizens. *Carter v. HealthPort Technologies, LLC*, 822 F.3d 47, 60 (2d Cir. 2016). Plaintiffs plead only that they are a "foreign" LLC, which I assume means that they are incorporated in a state other than New York. They do allege that they "maintain offices" in New York City and State, but they do not allege that their principal place of business is in New York.

Moreover, where Plaintiffs are incorporated and have their principal (not a) place of business is irrelevant for diversity purposes. Because Plaintiffs are LLCs, they are citizens of every state of which any of their members is a citizen. Having failed to plead their own citizenship, I cannot even tell whether Plaintiffs – or either of them – are diverse from Mr. Honans, who is pleaded to be a citizen of Georgia.

Plaintiffs also do not plead the citizenship of the various corporate defendants. As LLCs, the citizenship of those Defendants is also defined by the citizenship of all their members. Of course, I would not expect Plaintiffs to know the citizenship of all the members of the Defendant LLCs – even if they had done the research expected of a plaintiff's lawyer prior to alleging the existence of diversity jurisdiction. So it is my custom to require defendants to file under oath a document attesting to the names and states of citizenship of all their members whenever they file a motion to dismiss for lack of diversity jurisdiction. But any such order would be premature here, since Plaintiffs have failed to plead their own citizenship. Unless and until they do, Defendants cannot possibly know whether diversity exists.

Therefore, the various state law claims in the complaint are dismissed, without prejudice to the filing of an amended complaint that alleges the citizenship of the Plaintiff LLCs and such citizenship of Defendants as Plaintiffs are capable of alleging, either with knowledge or on information and belief.

Plaintiffs have leave to file an amended complaint asserting their state law claims if they believe that they can successfully maintain an action in diversity. If they know that they cannot, they had best not try to file an amended complaint. They cannot assert an amended RICO claim,

because that claim has been dismissed with prejudice. Any attempt to refile the RICO claim will be met with *sua sponte* sanctions. The law of RICO continuity is so well-settled that I would have found Plaintiffs to be in violation of Rule 11 for filing their RICO complaint if Defendants had invoked Rule 11 and Plaintiffs had failed to withdraw their Sixth Cause of Action. But Defendants did not do so. So the court is warning Plaintiffs not to try the RICO gambit again.

If Plaintiffs file an amended complaint that alleges their citizenship and the citizenship of Defendants either of knowledge or on information and belief, Defendants are free to move to dismiss for lack of diversity. But since only Defendants know who their members are, they should be sure to attach to such a motion a sworn statement that gives the names and state of citizenship of every member of any defendant LLC.

The court has no intention of exercising "supplemental" jurisdiction over any state law claims now that the only federal claim has been dismissed with prejudice. Therefore, unless Plaintiffs can successfully plead diversity, they should pursue their remedies in a state court.

This constitutes the decision and order of the court. It is a written opinion. The Clerk of Court is directed to dismiss the Sixth Cause of Action with prejudice and the remaining causes of action without prejudice.

Dated: December 2, 2024

_____
U.S.D.J.